UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CONNELL LEWIS, AMBER WERST, and SUSAN
CAPPS, on behalf of themselves and all others
similarly-situated,

Plaintiff,

-against-

SARAR USA INC., TUFAN AKSAHIN, in his
professional and individual capacities, BULENT
KURTYILMAZ, in his professional and individual
capacities, and JOHN DOE and JANE DOE #1-10.

Defendants.

**<u>COMPLAINT</u>**

**JURY TRIAL DEMANDED**

---

Plaintiffs Connell Lewis ("Lewis"), Amber Werst ("Werst"), and Susan Capps ("Capps")
(collectively, the "Plaintiffs"), individually and on behalf of all other persons similarly situated,
by and through their attorneys, Stevenson Marino LLP, file this Complaint against the Defendant
Sarar USA Inc., (the "Corporate Defendant"), and the individual Defendants Tufan Aksahin
("Aksahin"), in his professional and individual capacities, Bulent Kurtyilmaz ("Kurtyilmaz"), in
his professional and individual capacities, and John Doe and Jane Doe #1-10, in their
professional and individual capacities (collectively, the "Individual Defendants"), allege upon
knowledge as to themselves and upon information and belief as to all other matters as follows:

<b><u>INTRODUCTION</u></b>

1.      The Corporate Defendant and Individual Defendants (collectively, the
"Defendants") conduct business in the United States with a flagrant disregard for the federal,
state, and local laws – including wage and hour laws, discrimination laws, and retaliation laws.
Indeed, as alleged herein, Turkish men receive preferential treatment vis-à-vis any other

1

ethnicity, religion, and sex, and the archaic mentality of women being subservient and second-class citizens to men exists at Sarar USA, Inc.

2.      The Corporate Defendant owns and operates Sarar retail and outlet stores (collectively, the "Stores"), which offer, among other things, men's apparel to customers at approximately nineteen (19) locations in the United States.

3.      The Corporate Defendant is part of a larger corporate retailer owned by The Sarar Group, which operates approximately 160 locations in Turkey, and has been in business for over sixty (60) years.

4.      The Corporate Defendant violated Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et. seq*., by failing to pay Store Managers ("SMs") overtime for hours worked in excess of forty in a workweek due to their misclassification of SMs as exempt from overtime.

5.      The Corporate Defendant violated the New York Labor Law ("NYLL"), as well as other state laws, by failing to pay SMs overtime for hours worked in excess of forty in a workweek due to their misclassification of SMs as exempt from overtime.

6.      Plaintiffs Werst and Lewis bring this action on behalf of themselves and all current and former employees of the Defendants who from three years preceding the filing of this Complaint through the disposition of this action were SMs classified as exempt from overtime and have not received overtime pay when they worked more than 40 hours in a workweek in violation of the FLSA (hereinafter, the "SM Collective").

7.      Plaintiffs Lewis brings this action on behalf of himself and all current and former employees of the Defendants who from six years preceding the filing of this Complaint through the disposition of this action were SMs in New York that were/are classified as exempt from

overtime and have not received overtime pay when they worked more than 40 hours in a workweek in violation of the NYLL (hereinafter, the "NY SM Class").

8.      Plaintiff Lewis further brings this action on behalf of himself and all current and former New York employees from any of Defendants' stores located in New York who from six years preceding the filing of this Complaint through the disposition of this action have: (1) not received overtime pay when they worked more than 40 hours in a workweek in violation of the NYLL §§ 650 *et seq.*, (2) were subjected to an auto-deduct policy for lunch breaks, where thirty (30) minutes per day was automatically deducted from the time for all employees for interrupted and otherwise compensable lunch breaks in violation of NYLL §§ 650 *et seq.*; (3) did not receive the required Notice and Acknowledgment of Pay form in violation of NYLL §195; and (4) did not receive accurate wage statements in violation of NYLL § 195 (collectively, the "NY Class").

9.      Plaintiff Capps brings this action on behalf of herself and all current and former non-exempt employees of the Defendants who from three years preceding the filing of this Complaint through the disposition of this action were: (1) non-exempt employees at Defendants' Stores; (2) have not received overtime pay when they worked more than 40 hours in a workweek; and/or (3) were subjected to an auto-deduct policy for lunch breaks, where thirty (30) minutes per day was automatically deducted from the time for all employees for interrupted and otherwise compensable lunch breaks in violation of the FLSA (collectively, the "Non-Exempt Collective").

10.      Plaintiff Werst brings a wage discrimination claim, individually, against the Corporate Defendant and Defendant Tufan Aksahin pursuant to the Equal Pay Act of 1963, for receiving wages less than similarly situated male employees ("Wage Discrimination Claim").

11.     Plaintiff Werst brings a retaliation claim, individually, against the Corporate Defendant and Defendant Tufan Aksahin pursuant to FLSA, 29 U.S.C. §§ 215(a)(3), as she complained that one or more employees were not being paid overtime, as required by the FLSA, and was disciplined and terminated within roughly one week thereafter ("FLSA Retaliation Claim").

12.     Plaintiff Werst brings a sex discrimination claim, individually, against the Corporate Defendant and Defendant Tufan Aksahin pursuant to the District of Columbia Human Rights Act of 1977 for overt discrimination and unlawful termination by the Corporate Defendant and Defendant Tufan Aksahin, where she was told that "women" are expected to "know their place" and "do as they're told" ("Sex Discrimination Claim").

13.     Plaintiff Werst brings a retaliation claim, individually, against the Corporate Defendant and Defendant Tufan Aksahin pursuant to District of Columbia Minimum Wage Act, (*see* D.C. Code Ann. § 32-1010(a)(3)), as she complained that one or more employees were not being paid minimum wages, as required by the District of Columbia Minimum Wage Act, and was disciplined and terminated within roughly one week thereafter ("D.C. Retaliation Claim").

## JURISDICTION AND VENUE

14.     This Court has original jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. § 1331, as to the claims pursuant to 29 U.S.C § 201, et seq. and the Equal Pay Act of 1963.

15.     This Court has supplemental jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. § 1367, as to the NYLL claims, the District of Columbia Human Rights Act of 1977 claim, and the District of Columbia Minimum Wage Act claim.

16.     In addition, the Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 29 U.S.C. § 216(b).

17.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## PARTIES

*Plaintiffs*

18.     At all relevant times herein, Plaintiffs are each considered a "person" and an "employee" entitled to protection as defined by the FLSA and NYLL.

19.     Plaintiff Lewis is an adult individual over the age of 18, residing in New York.

20.     Defendants employed Plaintiff Lewis from on or about August 2014 through July 2016 at Defendants' 375 Madison Avenue, New York store and at the 50 Broad Street, New York store.

21.     Plaintiff Lewis was an employee non-exempt from overtime when he was assigned to work at the 375 Madison Avenue store.

22.     Plaintiff Lewis was an exempt Store Manager when he was assigned to work at the 50 Broad Street store.

23.     Plaintiff Werst is an adult individual over the age of 18, residing in West Virginia.

24.     Defendants employed Plaintiff Werst from on or about October 2015 through March 28, 2016, at Defendants' Washington, D.C. store.

25.     At all relevant times, Plaintiff Werst was a Store Manager for Defendants and was classified as exempt from overtime.

26.     Plaintiff Capps is an adult individual over the age of 18, residing in Florida.

27.     Defendants employed Plaintiff Capps from on or about October 2015 through October 2016 at Defendants' Dawsonville, Georgia store.

28.     At all relevant times, Plaintiff Capps was an Assistant Manager for Defendants, who was classified as non-exempt from overtime.

*Defendants*

29.     Defendant Sarar USA, Inc. is a New York corporation, registered in New York State Department of State as a domestic business corporation, with its principal place of business at 1585 Route 46 East, Little Falls, New Jersey, 07424.

30.     At various times, Tufan Aksahin, was the Chief Executive Officer (according to the New York State Department of State website – as of March 24, 2017) and/or the Executive Vice President (according to his Linkedin page – as of March 24, 2017) of Sarar USA Inc. Tufan Aksahin, at relevant times, was the overseer of the day-to-day operations of Sarar USA Inc.; made both supervisory and managerial decisions for Sarar USA Inc.; had the power to, and did in fact, hire and fire employees, including Plaintiffs, the SM Collective Members, NY SM Class Members, the NY Class Members; and also supervised and controlled employee work schedules and conditions of employment, and determined the rates of employee pay and methods of payment.

31.     At various times, Bulent Kurtyilmaz, was and is the Operations Manager of Sarar USA Inc.  Bulent Kurtyilmaz, at relevant times, was the overseer of the day-to-day operations of Sarar USA Inc.; made both supervisory and managerial decisions for Sarar USA Inc.; had the power to, and did in fact, hire and fire employees, including the SM Collective Members, NY SM Class Members, the NY Class Members; and also supervised and controlled employee work schedules and conditions of employment, and determined the rates of employee pay and methods of payment.

32.     Defendants John Doe and Jane Doe #1-10 are as-yet unidentified owners, officers, shareholders, and managers of Sarar USA, Inc.  At all times relevant to the allegations herein, they had the power to hire and fire employees at Sarar USA, Inc., established their wages, set their work schedules, and maintained their employment records.

33.     The Corporate Defendant had annual gross revenues in excess of $500,000 for all relevant periods herein.

34.     At all relevant times the Corporate Defendant has been and continues to be an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of FLSA 29 U.S.C. §§ 206(a) and 207(a).

35.     The Corporate Defendant, on behalf of itself and all other Defendants, issues and enforces top-down corporate policies and practices.

36.     Collectively, Defendants have directed the work of Plaintiffs, the SM Collective Members, the NY SM Class Members, and the NY Class Members, and have benefited from work performed that Defendants suffered or permitted from them.

37.     Plaintiff Lewis, Plaintiff Werst, and similarly situated SMs have worked in excess of 40 hours per workweek, without receiving overtime compensation as required by the FLSA and NYLL.

38.     Plaintiff Lewis, Plaintiff Capps, and similarly situated non-exempt employees have worked in excess of 40 hours per workweek, without receiving overtime compensation as required by the FLSA and NYLL.

39.     Plaintiff Lewis, Plaintiff Capps, and similarly situated non-exempt employees were not compensated for all hours worked due to both (1) Defendants' auto-deduct policy, which automatically subtracted thirty (30) minutes per day for lunch breaks that were interrupted

7

or non-existent, and (2) Defendants' arbitrary decision to cut hours in contravention to the stated time on the employees' time cards, all of which is a violation of the NYLL.

## FACTUAL ALLEGATIONS REGARDING
## STORE MANAGERS

40.     Defendants maintain control, oversight, and discretion over the operation of their retail Stores, including their employment practices with respect to Plaintiff Lewis, Plaintiff Werst, the SM Collective Members, and the NY SM Class Members.

41.     Plaintiff Lewis', Plaintiff Werst', the SM Collective Members', and the NY SM Class Members' work was performed in the normal course of Defendants' business and was integrated into it.

42.     Consistent with Defendants' policy, pattern and/or practice, Plaintiff Lewis, Plaintiff Werst, the SM Collective Members, and the NY SM Class Members regularly worked in excess of 40 hours per workweek without being paid overtime wages, in violation of the FLSA.

43.     Consistent with Defendants' policy, pattern and/or practice, Plaintiff Lewis, Plaintiff Werst, the SM Collective Members, and the NY SM Class Members regularly worked in excess of 40 hours per workweek without being paid overtime wages, in violation of the NYLL.

44.     Consistent with Defendants' policy and pattern or practice of misclassifying SMs, Defendants did not keep accurate records of hours worked per week, as required by NYLL § 661.

45.     Consistent with Defendants' policy and pattern or practice, Plaintiff Lewis, Plaintiff Werst regularly worked in excess of 40 hours per week without being paid overtime.

46.     Plaintiff Werst worked as many as 60 hours per week without receiving overtime compensation.

47.     Plaintiff Lewis worked at least 45 hours per week to well over 50 hours per week without receiving overtime compensation.

48.     Consistent with Defendants' policy and pattern or practice of skeleton staffing, often with only a single employee working at any one time, the SM Collective Members and the NY SM Class Members regularly worked in excess of 40 hours per week without being paid overtime.

49.     Defendants have assigned all of the work that Plaintiff Lewis, Plaintiff Werst, the SM Collective Members, and the NY SM Class Members have performed, and Defendants are aware of all the work that they have performed.

50.     The work performed by SMs, including Plaintiff Lewis, Plaintiff Werst, the SM Collective Members, and the NY SM Class Members, required little skill and no capital investment. Nor did such work include managerial responsibilities, or the exercise of meaningful independent judgment and discretion.

51.     Plaintiff Lewis, Plaintiff Werst, the SM Collective Members, and the NY SM Class Members, performed the same primary job duties including but not limited to:

     a.   Cleaning the store

     b.   Working the cash registers

     c.   Stocking displays, tables, racks and shelves

     d.   Folding clothes

     e.   Building displays

     f.   Unpacking boxes

g.   Unloading freight

h.   Operating the cash registers

i.   Neatening displays, tables racks and shelves

j.   Changing prices

k.   Organizing the store according to detailed corporate directives called planograms,

l.   Providing customer service

m.  Putting up and taking down signs

n.   Creating signs

o.   Collecting garbage

52.   At all relevant times, Plaintiff Lewis spent approximately 85-90% or more of his time performing the associate-level tasks listed in paragraph 51 of the Complaint.

53.   In fact, Defendant Aksahin told Plaintiff Lewis that it was his job, as the SM, to clean the bathroom in his store.

54.   At all relevant times, Plaintiff Werst spent approximately 90-95% or more of her time performing the associate-level tasks listed in paragraph 51 of the Complaint.

55.   For the six years preceding the filing of the Complaint, the primary job duties of Plaintiff Lewis, Plaintiff Werst, the SM Collective Members, and the NY SM Class Members, did not include:

a.   Independently hiring other employees

b.   Independently terminating other employees

c.   Independently disciplining other employees

d.   Exercising meaningful independent judgment and discretion

e.  Deviating from Defendants' policies and procedures, which constrain them from managing or exercising discretion

f.  Increasing or decreasing the compensation of other employees

g.  Controlling the labor budget

h.  Deciding what products are sold in Defendants' Stores

i.  Deciding what prices to charge for the products sold in Defendants' stores.

56.  The primary job duties of Plaintiff Lewis, Plaintiff Werst, the SM Collective Members, and the NY SM Class Members did not materially differ from the duties of non-exempt hourly paid employees.

57.  The primary duties of Plaintiff Lewis, Plaintiff Werst, the SM Collective Members, and the NY SM Class Members were manual in nature. The performance of manual labor and non-exempt duties occupied a great majority of Plaintiff Lewis', Plaintiff Werst', the SM Collective Members', and the NY SM Class Members' working hours.

58.  Pursuant to a centralized, company-wide policy, pattern and/or practice, Defendants classified all SMs as exempt from coverage of the overtime provisions of the FLSA. Pursuant to a centralized, company-wide policy, pattern and/or practice, Defendants classified all SMs as exempt from coverage of the overtime provisions of the NYLL.

59.  Defendants did not perform a person-by-person analysis of the job duties of SMs when making the decision to classify all of them uniformly as exempt from the overtime protections of the FLSA.  Likewise, Defendants did not perform a person-by-person analysis of the job duties of SMs when making the decision to classify all of them uniformly as exempt from the overtime protections of the NYLL.

60.    Defendants established labor budgets to cover labor costs for all Stores. Defendants did not provide sufficient resources in the labor budgets for non-exempt employees to complete all of the non-exempt tasks in each store.  Defendants knew or recklessly disregarded the fact that failing to provide sufficient resources in store labor budgets resulted in Plaintiff Lewis, Plaintiff Werst, the SM Collective Members, and the NY SM Class Members (who were not paid overtime) to work more than 40 hours in a workweek and primarily performing manual and non-exempt duties during their workweeks, without receiving overtime compensation.  This allowed Defendants to avoid paying additional wages (including overtime) to the non-exempt store-level employees.

61.    Defendants acted willfully and knew, by virtue of the fact that the SMs' supervisors actually observed, either in person or through closed circuit security surveillance, that Plaintiff Lewis, Plaintiff Werst, the SM Collective Members, and the NY SM Class Members primarily perform(ed) manual labor and non-exempt duties, that such individuals were misclassified under the FLSA and NYLL.

62.    As an experienced and practical retailer operating approximately 19 Stores throughout the country, Defendants were aware or recklessly disregarded the fact that by underfunding the labor budgets for store locations, Plaintiff Lewis, Plaintiff Werst, the SM Collective Members, and the NY SM Class Members were primarily performing non-exempt duties and not performing work that would suffice to make their actual job duties comply with any FLSA exemption. Inasmuch as Defendants are substantial corporate entities aware of their obligations under the FLSA and the NYLL, they accordingly, acted willfully or recklessly in failing to classify Plaintiff Lewis, Plaintiff Werst, the SM Collective Members, and the NY SM Class Members as non-exempt employees.

63.     Pursuant to Defendants' unlawful conduct, according to a centralized, company-wide policy, pattern, and/or practice of attempting to minimize labor costs, they recklessly and willfully violated the rights of Plaintiff Lewis, Plaintiff Werst, the SM Collective Members, and the NY SM Class Members under the FLSA and NYLL.

64.     As part of their regular business practice, Defendants have intentionally, willfully, and repeatedly engaged in a policy, pattern, and/or practice of violating the FLSA and NYLL with respect to Plaintiff Lewis, Plaintiff Werst, the SM Collective Members, and the NY SM Class Members.  This policy, pattern and/or practice includes, but it is not limited to the foregoing knowledge of its obligations and the kind of work that Plaintiff Lewis, Plaintiff Werst, the SM Collective Members, and the NY SM Class Members were and have been performing, and that as a result, Defendants have been:

    a.   willfully misclassifying Plaintiff Lewis, Plaintiff Werst, the SM Collective Members, and the NY SM Class Members as exempt from the overtime requirements of the FLSA;

    b.   willfully failing to pay Plaintiff Lewis, Plaintiff Werst, the SM Collective Members, and the NY SM Class Members overtime wages for hours they worked in excess of 40 hours per week; and

    c.   willfully failing to provide enough money in their store-level labor budgets for their non-exempt employees to perform their duties and responsibilities, forcing their so-called "exempt" SMs to perform such non-exempt tasks.

65.     Defendants' willful violations of the FLSA and NYLL are further demonstrated by the fact that, during all relevant times, they failed to maintain accurate and sufficient time records for Plaintiff Lewis, Plaintiff Werst, the SM Collective Members, and the NY SM Class

13

Members.  Defendants acted recklessly or in willful disregard of the FLSA and NYLL by

instituting a policy and/or practice that did not allow Plaintiff Lewis, Plaintiff Werst, the SM

Collective Members, and the NY SM Class Members to record all hours worked.

66.     Due to the foregoing, Defendants' failure to pay overtime wages for work

performed by Plaintiff Lewis, Plaintiff Werst, the SM Collective Members, and the NY SM

Class Members in excess of 40 hours per workweek was willful and has been widespread,

repeated, and consistent.

## FACTUAL ALLEGATIONS REGARDING
## NON-EXEMPT EMPLOYEES

67.     Defendants maintain control, oversight, and discretion over the operation of their

retail Stores, including their employment practices with respect to Plaintiff Lewis, Plaintiff

Capps, the Non-Exempt Collective Members, and the NY Class Members.

68.     Plaintiff Lewis', Plaintiff Capps', the Non-Exempt Collective Members', and the

NY Class Members' work was/is performed in the normal course of Defendants' business and

was/is integrated into it.

69.     Consistent with Defendants' policy and pattern or practice, Defendants applied an

auto-deduct policy for non-exempt employees, which automatically deducted a thirty (30) minute

lunch break, even though all such lunch breaks were interrupted or non-existent due to

Defendants' uniformly applied skeleton staffing, where there were either no other employees to

work during a lunch break or the employee on a lunch break was on-call to assist in the event

customers needed assistance.

70.     Consistent with Defendants' policy, pattern and/or practice, Plaintiff Lewis,

Plaintiff Capps, the Non-Exempt Collective Members, and the NY Class Members regularly

worked in excess of 40 hours per workweek without being paid overtime wages, in violation of

the FLSA.  Consistent with Defendants' policy, pattern and/or practice, Plaintiff Lewis, the Non-Exempt Collective Members, and the NY Class Members regularly worked in excess of 40 hours per workweek without being paid overtime wages, in violation of the NYLL.

71.     The number of hours Plaintiff Capps, Plaintiff Lewis, each individual Non-Exempt Collective Member, and NY Class Member worked per week can be ascertained from Defendants' records.

72.     Consistent with Defendants' policy and pattern or practice, Defendants failed to pay Plaintiff Capps and the Non-Exempt Collective Members all minimum wage due, as a result of the application of the auto-deduct lunch break policy and practice.

73.     Consistent with Defendants' policy and pattern or practice, Defendants failed to pay Plaintiff Lewis and the NY Class Members all minimum wage due, as a result of the application of the auto-deduct lunch break policy and practice.

74.     Plaintiff Capps and Plaintiff Lewis, as well as similarly situated non-exempt employees throughout the country, were uniformly deducted thirty (30) minutes per day due to Defendants' unlawful auto-deduct policy.

75.     Pursuant to a centralized, company-wide policy, pattern and/or practice of skeleton staffing, often with only a single employee working at any one time, Defendants were aware or should have been aware that Plaintiff Lewis, Plaintiff Capps, the Non-Exempt Collective Members, and the NY Class Members were not able to receive an uninterrupted thirty (30) minute lunch break.

76.     Defendants acted willfully and knew, by virtue of the fact that there was insufficient staffing in the store, that Plaintiff Lewis, Plaintiff Capps, the Non-Exempt Collective Members, and the NY Class Members were not able to receive an uninterrupted thirty (30)

minute lunch break.  Inasmuch as Defendant is a sophisticated retailer, aware of its obligations

under the FLSA and the NYLL, they accordingly, acted willfully or recklessly in implementing a

thirty (30) minute auto-deduct policy for interrupted or non-existent lunch breaks that unlawfully

affected Plaintiff Lewis, Plaintiff Capps, the Non-Exempt Collective Members, and the NY

Class Members.

77.     Defendants' willful violations of the FLSA and NYLL are further demonstrated

by the fact that, during all relevant times, they failed to utilize the actual time records used by

non-exempt employees, but instead manually deducted at least a thirty (30) minute lunch break

per day even though such breaks where interrupted or non-existent.

78.     Due to the foregoing, Defendants' failure to pay overtime and minimum wages

for work performed by Plaintiff Lewis, Plaintiff Capps, the Non-Exempt Collective Members,

and the NY Class Members per workweek was willful, widespread, repeated, and consistent.

## FLSA COLLECTIVE ACTION ALLEGATIONS

79.     Plaintiffs, on behalf of themselves, and the SM Collective and the Non-Exempt

Collective, reallege and incorporate by reference paragraphs 1 through 78 as if they were fully

set forth again herein.

80.     Pursuant to 29 U.S.C. §§ 207 and 216(b), Plaintiffs seeks to prosecute their FLSA

claims as two separate Collective Actions brought by: (1) Plaintiff Werst and Plaintiff Lewis, on

behalf of themselves and all current and former employees of the Defendants who from three

years preceding the filing of this Complaint through the disposition of this action were SMs

classified as exempt from overtime and have not received overtime pay when they worked more

than 40 hours in a workweek; and (2) Plaintiff Capps and Plaintiff Lewis, on behalf of

themselves and all current and former non-exempt employees of the Defendants who from three

years preceding the filing of this Complaint through the disposition of this action were: (i) non-exempt employees at Defendants' Stores; and (ii) have not received overtime pay when they worked more than 40 hours in a workweek due to an auto-deduct policy for lunch breaks, where thirty (30) minutes per day was automatically deducted from the time for all employees for interrupted and otherwise compensable lunch breaks; or (iii) have not received minimum wage due to an auto-deduct policy for lunch breaks, where thirty (30) minutes per day was automatically deducted from the time for all employees for interrupted and otherwise compensable lunch breaks.

81.     Defendants are liable under the FLSA for, *inter alia*, failing to pay proper minimum and overtime wages to Plaintiffs, the SM Collective Members, and the Non-Exempt Collective Members.

82.     There are many current and former SM Collective Members and Non-Exempt Collective Members who have not been paid proper minimum and overtime wages in violation of the FLSA and who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to

83.     Thus, notice should be sent to the SM Collective Members and Non-Exempt Collective Members pursuant to 29 U.S.C. § 216(b).

84.     These employees are known to Defendants, are readily identifiable, and can be located through Defendants' records.

## NY CLASS ACTION ALLEGATIONS

85.     Plaintiff Lewis brings his NYLL claims as a Class Action on behalf of himself and all current and former employees of the Defendants who from six years preceding the filing of this Complaint through the disposition of this action were SMs in New York that were/are

17

classified as exempt from overtime and have not received overtime pay when they worked more than 40 hours in a workweek in violation of the NYLL (collectively, the "NY SM Class").

86.     Plaintiff Lewis further brings this action on behalf of himself and all current and former New York employees from any of Defendants stores located in New York who from six years preceding the filing of this Complaint through the disposition of this action have: (1) not received overtime pay when they worked more than 40 hours in a workweek in violation of the NYLL §§ 650 *et seq.*, (2) were subjected to an auto-deduct policy for lunch breaks, where thirty (30) minutes per day was automatically deducted from the time for all employees for interrupted and otherwise compensable lunch breaks in violation of NYLL §§ 650 *et seq.*; (3) did not receive the required Notice and Acknowledgment of Pay form in violation of NYLL §195; and/or (4) did not receive accurate wage statements in violation of NYLL § 195 (collectively, the "NY Class")

87.     The persons in the NY SM Class and the NY Class are so numerous that joinder of them all is impracticable. The precise number of such persons is known to Defendants, is readily ascertainable, and can be easily determined from its records.

88.     Defendants have acted or have refused to act on grounds generally applicable to the NY SM Class and the NY Class, thereby making appropriate final injunctive relief or declaratory relief with respect to such classes as a whole.

89.     There are questions of law and fact common to the NY SM Class that predominate over any questions solely affecting individual members of the NY SM Class, including but not limited to:

a.     whether Defendants have failed and/or refused to pay the NY SM Class an overtime premium for the hours worked in excess of 40 hours per workweek

within the meaning of NYLL Article 19, §§ 650 et seq., and the supporting New

York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142;

b.  whether Defendants willfully failed to comply with the notice and recordkeeping

requirements of NYLL §§ 198(1)(b) and 198(1)(d);

c.  the nature and extent of Class-wide injury;

d.  whether the Defendants have a policy of misclassifying NY SM Class as exempt

from coverage of the overtime provisions of the NYLL;

e.  whether Defendants' policy of misclassifying NY SM Class was done willfully;

f.  whether Defendants can prove that their unlawful policies were implemented in

good faith.

g.  whether Defendants provided accurate wage statements, as required by the NYLL

§195.

90.     There are questions of law and fact common to the NY Class that predominate

over any questions solely affecting individual members of the NY Class, including but not

limited to:

a.  whether Defendants have failed and/or refused to pay the NY Class an overtime

premium for the hours worked in excess of 40 hours per workweek within the

meaning of NYLL Article 19, §§ 650 et seq., and the supporting New York State

Department of Labor Regulations, 12 N.Y.C.R.R. Part 142;

b.  whether Defendants have failed and/or refused to pay the NY Class minimum

wage and gap-time wages for the hours worked in the workweek in violation of

NYLL §§ 650 et seq., and the supporting New York State Department of Labor

Regulations, 12 N.Y.C.R.R. Part 142;

    c.   whether Defendants willfully failed to comply with the notice and recordkeeping requirements of NYLL §§ 198(1)(b) and 198(1)(d);

    d.   the nature and extent of Class-wide injury;

    e.   whether the Defendants have a policy of automatically deducting thirty (30) minutes from each non-exempt employee for lunch breaks that either were interrupted or otherwise nonexistent in violation of the NYLL;

    f.   whether Defendants arbitrarily and for no legitimate reason, deducted wages from non-exempt employees to ensure they were not paid for all hours worked in a workweek, including overtime wages;

    g.   whether Defendants' policy of failing to pay minimum wages, gap-time wages, and overtime wages to the NY Class was done willfully;

    h.   whether Defendants can prove that their unlawful policies were implemented in good faith.

    i.   whether Defendants provided accurate wage statements, as required by the NYLL §195.

91.    The claims of Plaintiff Lewis as class representatives for the NY SM Class and the NY Class, respectively, are typical of the claims of the members of their respective classes.

92.    Plaintiff Lewis as class representative, and the undersigned counsel will fairly and adequately protect the interests of the NY SM Class and NY Class.

93.    Class adjudication of the NY SM Class and NY Class are appropriate because prosecution of separate actions by class members could result in inconsistent adjudications establishing incompatible pay practices and judgments.

94.     Class adjudication is superior to all other methods to resolve the disputes for the NY SM Class and the NY Class over whether Defendants have violated the minimum wage, gap-time wage, and overtime wage requirements set forth by the NYLL and is necessary in order to fairly and completely litigate the dispute.

**FACTUAL ALLEGATIONS REGARDING
PLAINTIFF AMBER WERST'S INDIVIDUAL CLAIMS**

95.     At all times relevant to Plaintiff Werst's claims, Defendant Tufan Aksahin supervised her performance.

96.     Defendant Tufan Akashin, is a Turkish male.

97.     Plaintiff Werst is a Caucasian, Christian female.

98.     Plaintiff Werst was hired to be the SM at the Washington, D.C. Sarar retail store.

99.     Plaintiff Werst's role as SM was in title only, as Defendant Tufan Aksahin closely monitored and supervised all of the daily operations at the Washington D.C. store through either in person visits or closed circuit security cameras.

100.    Plaintiff Werst did not have the ability to independently fire or hire employees.

101.    Hiring and firing decisions were made by Defendant Tufan Akashin.

102.    Plaintiff Werst spent roughly 90-95% or more of her time performing manual, associate-level tasks.

103.    Defendant Akashin held weekly calls with all SMs throughout the country to discuss operations (hereinafter, "SM Call").

104.    During a SM Call on or about March 21, 2016, Plaintiff Werst questioned Defendant Akashin about payroll practices and advised that the Corporate Defendant was in violation of the Washington D.C. and FLSA laws.

105.   In fact, at the Washington D.C. store, the Corporate Defendant failed to pay non-exempt employees the newly-raised Washington D.C. minimum wage rate and any overtime for hours worked over forty in a workweek.

106.   After the Washington D.C. minimum wage issue was brought to the Corporate Defendant's attention, the Corporate Defendant was tardy with their response and, even then, only began complying with the law prospectively.

107.   Thus, employees that were receiving sub-minimum wage did not receive a retro-active adjustment for the Corporate Defendant's unlawful pay practices.

108.   The Corporate Defendant was also paying straight time for all hours worked over forty in a workweek for non-exempt employees, which is a violation of the FLSA.

109.   When Plaintiff Werst raised these issues during the SM Call, Defendant Akashin began yelling at Plaintiff Werst.  He said, something referencing "women."  He further said on the call something to the effect of, "you need to learn [or know] your place" and "speak when you're spoken to."

110.   Immediately after the SM Call, Defendant Akashin called Plaintiff Werst directly on the store phone.  He asked Plaintiff Werst to call him back on her personal cell phone.

111.   When Plaintiff Werst called Defendant Akashin on her cell phone, he continued to yell at her.

112.   Defendant Akashin revealed his true discriminatory animus when he said to Plaintiff Werst, "You're a woman; you need to know your place; you need to do what you are told."  He further said, "you do not question me."

113.   Defendant Akashin further lashed out at Plaintiff Werst, yelling something to the effect that she "better remain silent," and she "should not talk anymore."

114.     In response, Plaintiff Werst told Defendant Akashin something to the effect that he cannot speak to people like that, as "we're not in Turkey; we are in the United States."

115.     Defendant Akashin's comments fell in line with how Plaintiff Werst was treated throughout her employment at Defendants.  Indeed, in comparison to other Turkish males, who seemingly could speak freely and take or refuse assignments without any recourse, Plaintiff Werst was afforded no such latitude.

116.     Roughly one week after the foregoing, Defendant Akashin retaliated against Plaintiff Werst by causing, on March 28, 2016, her to be disciplined for the first time in the form of issuing two written warnings, a final warning, and a termination letter, which were dated on or about March 24, 2016 (collectively, the "Disciplinary Measures").

117.     The Disciplinary Measures falsely claimed, among other things, that Plaintiff Werst had "poor work performance," notwithstanding the fact that the store was thriving and performing better than it had ever done before.

118.     Plaintiff Werst received the Disciplinary Measures and was terminated on March 28, 2016.

119.     Defendants attempted to buy Plaintiff Werst's silence with a "severance agreement" that contained, among other things, an overbroad confidentiality clause.  Plaintiff Werst wholly rejected the severance agreement.

**FIRST CLAIM FOR RELIEF FOR EXEMPT STORE MANAGERS NATIONWIDE**
**(FLSA: UNPAID OVERTIME WAGES)**
**(Brought By Plaintiffs Lewis And Werst Against Defendants)**

120.     Plaintiff Lewis and Plaintiff Werst, on behalf of themselves and the SM Collective, reallege and incorporate by reference paragraphs 1 through 119 as if they were fully set forth again herein.

121.    Defendants employed Plaintiff Lewis and Plaintiff Werst and employed or continues to employ, each member of the SM Collective within the meaning of the FLSA.

122.    Defendants have engaged in a widespread pattern and practice of violating the FLSA, as detailed in this Complaint.

123.    Plaintiff Lewis and Plaintiff Werst consent in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b).

124.    The overtime wage provisions set forth in 29 U.S.C. §§ 201, *et seq.*, apply to Defendants.

125.    Defendants had a policy and practice of refusing to pay overtime compensation to their SMs for hours worked in excess of 40 hours per workweek.

126.    As a result of Defendants' willful failure to compensate Plaintiff Lewis and Plaintiff Werst and the members of the SM Collective at a rate not less than one and one-half times the regular rate of pay for work performed in excess of 40 hours in a workweek, Defendants have violated and, continue to violate, the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

127.    As a result of Defendants' willful failure to record, report, credit and/or compensate Plaintiff Lewis and Plaintiff Werst and the members of the SM Collective, Defendants have failed to make, keep, and preserve records with respect to each of their employees sufficient to determine the wages, hours and other conditions and practices of employment, in violation of the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

128.    As a result of Defendants' policy and practice of minimizing labor costs by underfunding the labor budgets for their stores, Defendants knew or recklessly disregarded the

fact that Plaintiff Lewis and Plaintiff Werst and the members of the SM Collective were primarily performing manual labor and non-exempt tasks.

129.    Due to Defendants' failure to provide sufficient labor budget funds, failure to take into account the impact of the underfunded labor budgets on the job duties of Plaintiff Lewis and Plaintiff Werst and the members of the SM Collective, Defendants knew or should have known that their SMs were primarily performing non-exempt tasks as their primary duty.

130.    Additionally, Defendants had actual knowledge, through their SMs' supervisors, that the primary duties of Plaintiff Lewis and Plaintiff Werst and the members of the SM Collective was the performance of manual labor and other non-exempt tasks.

131.    Furthermore, Defendants' failure to perform a person-by-person analysis of Plaintiff Lewis' and Plaintiff Werst's and the members of the SM Collective's job duties to ensure that they were performing exempt job duties, is further evidence that Defendants knew and/or showed reckless disregard that their conduct was prohibited by 29 U.S.C. § 255(a).

132.    As a result of Defendants' FLSA violations, Plaintiff Lewis and Plaintiff Werst and the members of the SM Collective are entitled to recover from Defendants (a) overtime compensation; (b) an additional, equal amount as liquidated damages for Defendants' willful violations of the FLSA; (c) interest; and, (d) reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

133.    Because Defendants' violations of the FLSA lacked good faith, a three-year statute of limitations applies pursuant to 29 U.S.C. § 255.

## SECOND CLAIM FOR RELIEF FOR EXEMPT STORE MANAGERS IN NEW YORK
### (NYLL: UNPAID OVERTIME WAGES)
**(Brought By Plaintiffs Lewis Against Defendants)**

134.     Plaintiff Lewis, on behalf of himself and the NY SM Class Members, realleges and incorporates by reference paragraphs 1 through 133 as if they were fully set forth again herein.

135.     Defendants employed Plaintiff Lewis and employed or continue to employ, each of the NY SM Class within the meaning of the NYLL.

136.     Defendants have engaged in a widespread pattern and practice of violating the overtime wage provisions of Article 19 of the NYLL and its supporting regulations, as detailed in this Complaint.

137.     The overtime wage provisions of Article 19 of the NYLL and its supporting regulations apply to Defendants.

138.     Defendants have failed to pay Plaintiff Lewis and the NY SM Class the overtime wages to which they are entitled under the NYLL.

139.     By virtue of Defendants' failure to pay Plaintiff Lewis and the NY SM Class overtime wages for all hours worked in excess of 40 hours per week, Defendants have willfully violated NYLL Article 19, §§ 650 *et seq*., and the supporting New York State Department of Labor Regulations, including but not limited to the regulations in 12 N.Y.C.R.R., Part 142.

140.     As a result of Defendants' policy and/or practice to minimize labor costs by providing their stores with an underfunded labor budget, Defendants willfully caused Plaintiff Lewis and the NY SM Class to perform primarily manual labor and non-exempt tasks.

141.     Due to Defendants' failure to provide enough labor budget funds, failure to take into account the impact of the limited labor budgets on the job duties of Plaintiff Lewis and the

NY SM Class, Defendants knew or should have known that their SMs were primarily performing non-exempt tasks as their primary duty.

142.    Additionally, Defendants had actual knowledge, through the SM's supervisors, that the primary duties of Plaintiff Lewis and the NY SM Class was the performance of manual labor and other non-exempt tasks.

143.    Furthermore, Defendants' failure to perform a person-by-person analysis of Plaintiff Lewis' and the NY SM Class members' job duties to ensure that they were primarily performing exempt job duties as their primary duty is further evidence that Defendants' knew and/or showed reckless disregard as whether their conduct was prohibited by the NYLL.

144.    As a result of Defendants' willful violations of the NYLL, Plaintiff Lewis and the NY SM Class members are entitled to recover from these Defendants their unpaid overtime wages, reasonable attorneys' fees and costs of the action, liquidated damages, and prejudgment and post-judgment interest.

145.    Defendants NYLL violations have caused Plaintiff Lewis and the NY SM Class Members irreparable harm for which there is no adequate remedy at law.

## THIRD CLAIM FOR RELIEF FOR NON-EXEMPT EMPLOYEES IN NEW YORK (NYLL: UNPAID MINIMUM, GAP-TIME, AND OVERTIME WAGES)
### (Brought By Plaintiffs Lewis Against Defendants)

146.    Plaintiff Lewis, on behalf of himself and the NY Class Members, realleges and incorporates by reference paragraphs 1 through 145 as if they were fully set forth again herein.

147.    Defendants employed Plaintiff Lewis and employed or continues to employ, each of the NY Class within the meaning of the NYLL.

148.    Defendants have engaged in a widespread pattern and practice of violating the minimum wage, gap-time, and overtime wage provisions of Article 19 of the NYLL and its supporting regulations, as detailed in this Complaint.

149.    The minimum wage, gap-time, and overtime wage provisions of Article 19 of the NYLL and its supporting regulations apply to Defendants.

150.    Defendants have failed to pay Plaintiff Lewis and the NY Class the minimum wage, gap-time, and overtime wages to which they are entitled under the NYLL.

151.    By virtue of Defendants' failure to pay Plaintiff Lewis and the NY Class minimum wage and gap-time wages, as well as overtime wages for all hours worked in excess of 40 hours per week, Defendants have willfully violated NYLL Article 19, §§ 650 *et seq*., and the supporting New York State Department of Labor Regulations, including but not limited to the regulations in 12 N.Y.C.R.R., Part 142.

152.    As a result of Defendants' policy and/or practice to automatically deduct a thirty (30) minute lunch for employees, even though such employees had either an interrupted lunch break, were on-call, or did not have a lunch break at all, Defendants willfully caused Plaintiff Lewis and the NY Class to receive less compensation than the NYLL requires.

153.    As a result of Defendants' willful violations of the NYLL, Plaintiff Lewis and the NY Class members are entitled to recover from these Defendants their unpaid minimum wages, gap-time wages, overtime wages, reasonable attorneys' fees and costs of the action, liquidated damages, and prejudgment and post-judgment interest.

154.    Defendants' NYLL violations have caused Plaintiff Lewis and the NY Class Members irreparable harm for which there is no adequate remedy at law.

**FOURTH CLAIM FOR RELIEF FOR ALL EMPLOYEES IN NEW YORK**
**(NYLL: NON-COMPLIANCE WITH NOTICE/ RECORDKEEPING REQUIREMENTS)**
**(Brought By Plaintiff Lewis Against Defendants)**

155.    Plaintiff Lewis, on behalf of himself, the NY SM Class, and the NY Class Members realleges and incorporates by reference paragraphs 1 through 154, as if they were fully set forth again herein.

156.    NYLL § 195(1)(a) requires, among other things, that Defendants provide each employee with a relevant information concerning their compensation, Defendants' contact information, and an affirmation that the notice is in the employee's primary language.

157.    NYLL § 195(4) requires, among other things, that Defendants establish and maintain, for at least six years payroll records showing the hours worked, gross wages, deductions and net wages for each employee.

158.    NYLL § 661 requires that Defendants establish and maintain, *inter alia,* true and accurate records of hours worked by each employee covered by an hourly minimum wage rate, and the wages paid to all employees.

159.    12 N.Y.C.R.R. § 142-2.6 requires Defendants to establish, maintain and preserve, for six years, weekly payroll records showing, *inter alia*, each employee's name, wage rate, number of hours worked daily and weekly, amount of gross and net wages, deductions from gross wages, and any allowances claimed as part of the minimum wage.

160.    NYLL § 195(3) requires that Defendants furnish each of its employees with a statement with each payment listing gross wages, deductions and net wages, and upon request of an employee, an explanation of the computation of wages.

161.    N.Y.C.R.R. § 142-2.7 requires Defendants to furnish each employee with a statement with each payment of wages, listing hours worked, rates paid, gross and net wages, deductions, and allowances, if any, claimed as part of the minimum wage.

162.    Defendants did not provide Plaintiff Lewis, the NY SM Class Members, and the NY Class Members with the requisite, accurate notices and statements described above in the foregoing paragraphs.

163.     As a result of Defendants failure to comply with the notice and record keeping requirements of NYLL §§ 195(1)(a) and 195(3), Plaintiff Lewis, the NY SM Class Members, and the NY Class Members are entitled to recover from Defendants all penalties as provided by NYLL § 198(1)b and 198(1)d.

## FIFTH CLAIM FOR RELIEF FOR NON-EXEMPT EMPLOYEES NATIONWIDE (FLSA: UNPAID OVERTIME WAGES)
### (Brought By Plaintiff Capps and Plaintiff Lewis Against Defendants)

164.     Plaintiff Capps and Plaintiff Lewis, on behalf of themselves and the Non-Exempt Collective Members, reallege and incorporate by reference paragraphs 1 through 163 as if they were fully set forth again herein.

165.     Defendants employed Plaintiff Capps and Plaintiff Lewiss and employed or continue to employ the Non-Exempt Collective Members within the meaning of the FLSA.

166.     Defendants have engaged in a widespread pattern and practice of violating the FLSA, as detailed in this Complaint.

167.     Plaintiff Capps consents in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b).

168.     The overtime wage provisions set forth in 29 U.S.C. §§ 201, *et seq*., apply to Defendants.

169.     Defendants had a policy and practice of refusing to pay overtime compensation to non-exempt employees for hours worked in excess of 40 hours per workweek.

170.     As a result of Defendants' policy and/or practice to automatically deduct a thirty (30) minute lunch for employees, even though such employees had either an interrupted lunch break, were on-call, or did not have a lunch break at all, Defendants willfully caused Plaintiff Capps, Plaintiff Lewis, and the Non-Exempt Collective to receive less compensation than the FLSA requires.

171.    The amount of damages owed to Plaintiff Capps, Plaintiff Lewis, and the Non-Exempt Collective is readily ascertainable by comparing actual time records with the amount of time Defendants arbitrarily decided to compensate Plaintiff Capps, Plaintiff Lewis, and the Non-Exempt Collective.

172.    As a result of Defendants' willful failure to compensate Plaintiff Capps, Plaintiff Lewis, and the Non-Exempt Collective Members at a rate not less than one and one-half times the regular rate of pay for work performed in excess of 40 hours in a workweek, Defendants have violated and, continue to violate, the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

173.    As a result of Defendants' FLSA violations, Plaintiff Capps, Plaintiff Lewis, and the Non-Exempt Collective are entitled to recover from Defendants (a) overtime compensation; (b) an additional, equal amount as liquidated damages for Defendants' willful violations of the FLSA; and, (c) reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

174.    Because Defendants' violations of the FLSA lacked good faith, a three-year statute of limitations applies pursuant to 29 U.S.C. § 255.

### SIXTH CLAIM FOR RELIEF FOR NON-EXEMPT EMPLOYEES NATIONWIDE
### (FLSA: MINIMUM WAGES)
**(Brought By Plaintiff Capps and Plaintiff Lewis Against Defendants)**

175.    Plaintiff Capps and Plaintiff Lewis, on behalf of themselves and the Non-Exempt Collective Members, realleges and incorporates by reference paragraphs 1 through 174 as if they were fully set forth again herein.

176.    Defendants employed Plaintiff Capps, Plaintiff Lewis, and employed or continue to employ the Non-Exempt Collective Members within the meaning of the FLSA.

177.    Defendants have engaged in a widespread pattern and practice of violating the FLSA, as detailed in this Complaint.

178.    The minimum wage provisions set forth in 29 U.S.C. §§ 201, *et seq*., apply to Defendants.

179.    Defendants had a policy and practice of refusing to pay minimum wages to non-exempt employees for hours worked by instituting a policy and/or practice of automatically deducting a thirty (30) minute lunch for employees, even though such employees had either an interrupted lunch break, were on-call, or did not have a lunch break at all.

180.    Based on the foregoing auto-deduct policy, Defendants willfully caused Plaintiff Capps, Plaintiff Lewis, and the Non-Exempt Collective to receive less compensation than the FLSA minimum wage requires.

181.    The amount of damages owed to Plaintiff Capps, Plaintiff Lewis, and the Non-Exempt Collective is readily ascertainable by comparing actual time records with the amount of time Defendants arbitrarily decided to compensate Plaintiff Capps, Plaintiff Lewis, and the Non-Exempt Collective.

182.    As a result of Defendants' willful failure to compensate Plaintiff Capps, Plaintiff Lewis, and the Non-Exempt Collective Members for all minimum wages due in a workweek, Defendants have violated and, continue to violate, the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

183.    As a result of Defendants' FLSA violations, Plaintiff Capps, Plaintiff Lewis, and the Non-Exempt Collective are entitled to recover from Defendants (a) minimum wage compensation; (b) an additional, equal amount as liquidated damages for Defendants' willful

violations of the FLSA; and, (c) reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

184.    Because Defendants' violations of the FLSA lacked good faith, a three-year statute of limitations applies pursuant to 29 U.S.C. § 255.

**SEVENTH CLAIM FOR RELIEF**
**(EQUAL PAY ACT OF 1963)**
**(Brought By Plaintiff Werst Against the Corporate Defendant and Defendant Aksahin)**

185.    Plaintiff Werst realleges and incorporates by reference paragraphs 1 through 184, as if they were fully set forth again herein.

186.    The Corporate Defendant and Defendant Aksahin employed Plaintiff Werst within the meaning of the FLSA.

187.    Due to Corporate Defendant's and Defendant Aksahin's discriminatory animus towards women, Plaintiff Werst received a reduced remuneration vis-à-vis similarly situated male employees.

188.    The work performed by Werst was equal to the work performed by similarly situated male employees in the same position, and such work required equal to skill, effort, and responsibility to perform same.

189.    As a result of Corporate Defendant's and Defendant Aksahin's Equal Pay Act violations (29 U.S.C. § 206(d)), Plaintiff Werst is entitled to recover from the Corporate Defendant and Defendant Aksahin, in his individual and professional capacity, (a) compensatory damages; (b) punitive damages; (c) pre-and post-judgment interest; (d) lost income and back pay; and (e) attorneys' fees and costs.

**EIGHTH CLAIM FOR RELIEF**
**(DISTRICT OF COLUMBIA HUMAN RIGHTS ACT OF 1977)**
**(Brought By Plaintiff Werst Against the Corporate Defendant and Defendant Aksahin)**

190.   Plaintiff Werst realleges and incorporates by reference paragraphs 1 through 189, as if they were fully set forth again herein.

191.   Plaintiff Werst is a member of a protected class (female).

192.   During the relevant period, Plaintiff Werst was employed in the Washington, D.C. Sarar store.

193.   On or about March 21, 2016, Plaintiff Werst was verbally berated by Defendant Aksahin, who advised her that "You're a woman; you need to know your place; you need to do what you are told."  Defendant Aksahin further said, "you [i.e., Plaintiff Werst] do not question me."

194.   Despite Plaintiff Werst's credentials, experience, and performance, Plaintiff Werst was disciplined and subsequently terminated on March 28, 2016, which was approximately only seven (7) days after Defendant Aksahin berated Plaintiff Werst.

195.   Defendants acted in a discriminatory manner that a reasonable person would find objectively unreasonable and acted with malice.

196.   The Corporate Defendant was aware of Defendant Aksahin's discriminatory animus.

197.   Defendant Aksahin authorized, directed, and participated in the discriminatory conduct by, among other things, disciplining and terminating Plaintiff Werst.

198.   Defendant Aksahin was directly involved in the above-described discriminatory conduct.

199.   The Corporate Defendant aided and abetted, or in the alternative, invited, compelled, or coerced the doing of the above-described discriminatory conduct.

200.    That in being directly involved in the above-described discriminatory conduct, Defendant Aksahin was acting directly or indirectly in the interest of the Corporate Defendant.

201.    Plaintiff Werst suffered economic damages, and mental and emotional distress, as a result of Corporate Defendant's and Defendant Aksahin's discriminatory conduct.

202.    As a result of Corporate Defendant's and Defendant Aksahin's discriminatory conduct, Plaintiff Werst is entitled to recover from the Corporate Defendant and Defendant Aksahin, in his individual and professional capacity, (a) compensatory damages; (b) punitive damages; (c) economic damages; (d) damages for emotional and mental distress; (e) pre-and post-judgment interest; (f) lost income and back pay; and (g) attorneys' fees and costs.

**NINTH CLAIM FOR RELIEF**
**(FLSA: RETALIATION – 29 U.S.C. § 215,** *et seq.***)**
**(Brought By Plaintiff Werst Against the Corporate Defendant and Defendant Aksahin)**

203.    Plaintiff Werst realleges and incorporates by reference paragraphs 1 through 202, as if they were fully set forth again herein.

204.    The Corporate Defendant and Defendant Aksahin employed Plaintiff Werst within the meaning of the FLSA.

205.    Plaintiff Werst engaged in a protected activity, by complaining on or about March 21, 2016 that Defendants were not compensating employees at the Washington, D.C. store in compliance with the FLSA.

206.    In response to Plaintiff Werst's protected activity, Defendant Aksahin, acting on behalf and through the Corporate Defendant, verbally berated Plaintiff Werst.

207.    Within approximately one week of Plaintiff Werst's engagement in a protected activity, the Corporate Defendant and Defendant Aksahin retaliated against Plaintiff Werst by unjustly and unlawfully causing her to be disciplined and terminated on March 28, 2016, in violation of the FLSA.

208.    Defendants acted in an unlawful retaliatory manner that a reasonable person would find objectively unreasonable and acted with malice.

209.    The Corporate Defendant was aware of Defendant Aksahin's retaliation against Plaintiff Werst.

210.    Defendant Aksahin authorized, directed, and participated in the retaliation against Plaintiff Werst.

211.    Defendant Aksahin was directly involved in the above-described retaliatory conduct.

212.    The Corporate Defendant aided and abetted, or in the alternative, invited, compelled, or coerced the doing of the above-described retaliatory conduct.

213.    That in being directly involved in the above-described retaliatory conduct, Defendant Aksahin was acting directly or indirectly in the interest of the Corporate Defendant.

214.    Plaintiff Werst suffered economic damages, and mental and emotional distress, as a result of Corporate Defendant's and Defendant Aksahin's retaliatory conduct.

215.    As a result of Corporate Defendant's and Defendant Aksahin's retaliatory conduct, Plaintiff Werst is entitled to recover from the Corporate Defendant and Defendant Aksahin, in his individual and professional capacity, (a) compensatory damages; (b) punitive damages; (c) economic damages; (d) damages for emotional and mental distress; (e) pre-and post-judgment interest; (f) lost income and back pay; and (g) attorneys' fees and costs.

**TENTH CLAIM FOR RELIEF**
**(DISTRICT OF COLUMBIA MINIMUM WAGE ACT: RETALIATION)**
**(Brought By Plaintiff Werst Against the Corporate Defendant and Defendant Aksahin)**

216.    Plaintiff Werst realleges and incorporates by reference paragraphs 1 through 215, as if they were set forth again herein.

217.    The Corporate Defendant and Defendant Aksahin employed Plaintiff Werst in the District of Columbia within the meaning of the District of Columbia Minimum Wage Act (*see* D.C. Code Ann. §32-1003(b)), as Plaintiff Werst spent nearly all of her time working at Defendants' store located in Washington, D.C.

218.    Plaintiff Werst engaged in a protected activity, by complaining to Defendant Aksahin on or about March 21, 2016 that Defendants were not compensating employees at the Washington, D.C. store at the minimum wage rate required by the District of Columbia Minimum Wage Act.

219.    In response to Plaintiff Werst's protected activity, Defendant Aksahin, acting on behalf and through the Corporate Defendant, verbally berated Plaintiff Werst.

220.    Within approximately one week of Plaintiff Werst's engagement in a protected activity, the Corporate Defendant and Defendant Aksahin retaliated against Plaintiff Werst by unjustly and unlawfully causing her to be disciplined and terminated on March 28, 2016, in violation of the District of Columbia Minimum Wage Act (*see* D.C. Code Ann. §32-1010(3)).

221.    Defendants acted in an unlawful retaliatory manner that a reasonable person would find objectively unreasonable and acted with malice.

222.    The Corporate Defendant was aware of Defendant Aksahin's retaliation against Plaintiff Werst.

223.    Defendant Aksahin authorized, directed, and participated in the retaliation against Plaintiff Werst.

224.    Defendant Aksahin was directly involved in the above-described retaliatory conduct.

225.    The Corporate Defendant aided and abetted, or in the alternative, invited, compelled, or coerced the doing of the above-described retaliatory conduct.

226.    That in being directly involved in the above-described retaliatory conduct, Defendant Aksahin was acting directly or indirectly in the interest of the Corporate Defendant.

227.    Plaintiff Werst suffered economic damages, and mental and emotional distress, as a result of Corporate Defendant's and Defendant Aksahin's retaliatory conduct.

228.    As a result of Corporate Defendant's and Defendant Aksahin's retaliatory conduct, Plaintiff Werst is entitled to recover from the Corporate Defendant and Defendant Aksahin, in his individual and professional capacity, (a) compensatory damages; (b) punitive damages; (c) treble damages; and (d) liquidated damages not less than $1,000 and not more than $10,000 (see D.C. Code Ann. §32-1011.01).

## DEMAND FOR A JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiffs demand a trial by jury on all questions of fact raised by the Complaint.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, the SM Collective Members, NY SM Class Members, the NY Class Members, and the Non-Exempt Collective Members are entitled to and pray for the following relief:

a.    Designation of this action as a FLSA collective action on behalf of the SM Collective and the Non-Exempt Collective and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to members of such collectives, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this

action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling the statute of limitations;

b.  A declaratory judgment that Defendants' practices complained of herein are unlawful under the FLSA, New York Labor Law, District of Columbia human rights act of 1977, and common law;

c.  An award of unpaid wages for all hours worked in excess of 40 in a workweek at a rate of one and one-half times the regular rate of pay under the FLSA and/or the NYLL;

d.  An award of unpaid minimum wages for applicable non-exempt employees, as required under the FLSA and/or the NYLL;

e.  An award of gap-time wages wages for applicable non-exempt employees in New York, as required under the NYLL;

f.  An award of liquidated damages as a result of Defendants' willful failure to compensate Plaintiffs, the SM Collective Members, and the Non-Exempt Collective Members for one and one-half the regular rate of pay for hours worked in excess of forty in a work week pursuant to the FLSA;

g.  An award of liquidated damages as a result of Defendants' willful failure to compensate Plaintiffs, the NY SM Class, and the NY Class for one and one-half the regular rate of pay for hours worked in excess of forty in a work week pursuant to the NYLL;

h.  An award of liquidated damages as a result of Defendants' willful failure to compensate Plaintiffs, the SM Collective Members, and the Non-Exempt

Collective Members at the minimum wage rate for all hours worked in a workweek pursuant to the FLSA;

i. An award of liquidated damages as a result of Defendants' willful failure to compensate the NY Class at the minimum wage rate for all hours worked in a workweek pursuant to the NYLL;

j. An award of liquidated damages as a result of Defendants' willful failure to compensate Plaintiffs, the NY SM Class, and the NY Class for all gap-time wages owed in a workweek pursuant to the NYLL;

k. An award of damages representing Defendants' share of FICA, FUTA, state unemployment insurance, and any other required employment taxes;

l. Certification of the claims brought against the Defendants in this case under the NYLL, as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

m. Designation of Plaintiff Lewis as a representative of the NY SM Class and NY Class, and counsel of record as Class Counsel;

n. Designation of Plaintiff Lewis and Werst as representative of the SM Collective, and counsel of record as Class Counsel;

o. Designation of Plaintiff Capps and Plaintiff Lewis as representative of the Non-Exempt Collective, and counsel of record as Class Counsel;

p. Penalties under NYLL §§ 198(1)(b) and 198(1)(d) for the Defendants' failure to comply with the notice and record keeping requirements of NYLL §§ 195(1) and 195(3);

q.  Injunctive relief, pursuant to the NYLL, enjoining Defendants from engaging in the practices alleged herein.

r.  An award of damages to Plaintiff Werst arising from the seventh through tenth causes of actions, including treble and liquidated damages, as well as interest, attorneys' fees and costs, as well as compensatory damages; punitive damages; economic damages; damages for emotional and mental distress; pre-and post-judgment interest; and lost income and back pay.

s.  An award of pre-judgment and post-judgment interest;

t.  An award of costs and expenses of this action together with reasonable attorneys' and expert fees and an award of service payments to Plaintiffs; and

u.  Such other and further relief as this Court deems just and proper.

Dated:      New York, New York
            March 26, 2017

                                      Stevenson Marino LLP
                                      Attorneys for Plaintiffs


                                      By:  /s/ Justin R. Marino          .
                                          Justin R. Marino
                                      (212) 939.7228 (o)
                                      (212) 531-6129 (f)
                                      jmarino@stevensonmarino.com
                                      J.R. Stevenson
                                      (212) 939.7588  (o)
                                      (212) 531-6129 (f)
                                      jrs@stevensonmarino.com

                                      75 Maiden Lane, Suite 402
                                      New York, New York 10038

**NOTICE OF INTENTION TO ENFORCE SHAREHOLDER LIABILITY FOR
SERVICES RENDERED**

To:     Ten Largest Shareholders of Sarar USA, Inc.,
         1585 Route 46 East
        Little Falls, New Jersey, 07424

To:     Cemalettin Sarar
        1585 Route 46 East
        Little Falls, New Jersey, 07424

PLEASE TAKE NOTICE, that pursuant to the provisions of Section 630 of the Business
Corporation Law of New York, the ten largest shareholders of Sarar USA, Inc. are hereby
notified that Plaintiffs Connell Lewis, Amber Werst, Susan Capps, and others similarly situated
intend to charge you and hold you personally liable, jointly and severally, for all debts, wages,
and/or salaries due and owing to them as laborers, servants and/or employees of the said
corporations for services performed by them for the said corporations within the six (6) years
preceding the date of this notice and have expressly authorized the undersigned, as their attorney,
to make this demand on their behalf.

Dated: New York, New York
       March 26, 2017

                                        Stevenson Marino LLP
                                            Attorneys for Plaintiffs



                                        By:  /s/ Justin R. Marino____.
                                             Justin R. Marino
                                        (212) 939.7228 (o)
                                        (212) 531-6129 (f)
                                        jmarino@stevensonmarino.com
                                        J.R. Stevenson
                                        (212) 939.7588  (o)
                                        (212) 531-6129 (f)
                                        jrs@stevensonmarino.com

                                        75 Maiden Lane, Suite 402
                                        New York, New York 10038

## CONSENT TO BECOME A PARTY PLAINTIFF

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf in a collective and class action, to contest the alleged failure of Sarar USA, Inc., and/or its parent, subsidiary, predecessor, successor, affiliated, and related companies, including their individual owners (the "Company"), to pay me overtime wages as required under state and/or federal law and also authorize the filing of this consent in a lawsuit challenging such conduct I hereby designate the law firm of Stevenson Marino LLP to represent me in the suit and to make decisions on my behalf concerning the litigation and settlement I agree to be bound by any adjudication of this action by the Court, whether it is favorable or unfavorable. I also consent to join any separate or subsequent action or arbitration proceeding to assert my claim against the Company and/or other entities and/or persons potentially liable.

AGREED AND ACCEPTED:

Signature: _Connell Lewis_
Connell Lewis

Date: 3/17/2017

## CONSENT TO BECOME A PARTY PLAINTIFF

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf in a collective and class action, to contest the alleged failure of Sarar USA, Inc., and/or its parent, subsidiary, predecessor, successor, affiliated, and related companies, including their individual owners (the "Company"), to pay me overtime wages as required under state and/or federal law and also authorize the filing of this consent in a lawsuit challenging such conduct I hereby designate the law firm of Stevenson Marino LLP to represent me in the suit and to make decisions on my behalf concerning the litigation and settlement I agree to be bound by any adjudication of this action by the Court, whether it is favorable or unfavorable. I also consent to join any separate or subsequent action or arbitration proceeding to assert my claim against the Company and/or other entities and/or persons potentially liable.

AGREED AND ACCEPTED:

Signature: _____
Amber Werst

Date: 3/9/2017 _____

## CONSENT TO BECOME A PARTY PLAINTIFF

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf in a collective and class action, to contest the alleged failure of Sarar USA, Inc., and/or its parent, subsidiary, predecessor, successor, affiliated, and related companies, including their individual owners (the "Company"), to pay me overtime wages as required under state and/or federal law and also authorize the filing of this consent in a lawsuit challenging such conduct I hereby designate the law firm of Stevenson Marino LLP to represent me in the suit and to make decisions on my behalf concerning the litigation and settlement I agree to be bound by any adjudication of this action by the Court, whether it is favorable or unfavorable. I also consent to join any separate or subsequent action or arbitration proceeding to assert my claim against the Company and/or other entities and/or persons potentially liable.

AGREED AND ACCEPTED:

Signature: _____
Susan Capps

Date: _____3/14/2017_____